# EXHIBIT A

Filing # 234951970 E-Filed 11/03/2025 08:15:22 AM

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-25-012779

ANTHONY PHILLIPS,

      **Plaintiff,**

vs.

DATE: 11/16/25    TIME: 958a
Server: MWS ID #: 111
as a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

BOSTON SCIENTIFIC CORPORATION,

      **Defendant.**

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

      **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in the above styled cause upon the Defendant:
**BOSTON SCIENTIFIC CORPORATION**
By Serving its Registered Agent:
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301
      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:
Andrew M. Kline, Esq. / Burton Landau, Esq.
South Florida Law, PLLC
1920 E. Hallandale Beach Blvd., Suite 702
Hallandale Beach, FL 33009
Phone: (954) 900-8885 / Fax: (954) 900-8886
andrew@southfloridalawpllc.com / personalinjury@southfloridalawpllc.com
within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of the Court on_____ NOV 03 2025
(Court Seal)

      Brenda D. Forman
      Clerk of Circuit Court

      BY:_____
      DEPUTY CLERK

      BRENDA D. FORMAN

1
SOUTH FLORIDA LAW, PLLC
HALLANDALE BEACH, FL

Filing # 230103154 E-Filed 08/25/2025 08:07:51 AM

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: _____ _____

ANTHONY PHILLIPS,

     **Plaintiff,**

vs.

BOSTON SCIENTIFIC CORPORATION,

     **Defendant.**

_____/

## COMPLAINT

    COMES NOW the Plaintiff, **ANTHONY PHILLIPS,** by and through his undersigned counsel hereby sues the Defendant, **BOSTON SCIENTIFIC CORPORATION,** and alleges as follows:

### GENERAL ALLEGATIONS

    1.    This is an action for damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00), exclusive of interest and costs.

    2.    That at all times material hereto, the Plaintiff, **ANTHONY PHILLIPS,** was and is a resident of Broward County, Florida.

    3.    That at all times material hereto, Defendant, **BOSTON SCIENTIFIC CORPORATION,** was and is a global biomedical and biotechnology engineering company that develops, manufactures, and supplies medical devices/products that are used in a variety of interventional medical specialties.

    4.    That at all times material hereto, Defendant, **BOSTON SCIENTIFIC CORPORATION,** is and was a Foreign For Profit Corporation qualified, authorized and licensed to do business and doing business in the State of Florida, specifically supplying medical devices and products to Hospitals, including Cleveland Clinic Hospital located at 3100 Weston Road in Weston, Broward County, Florida.

5.     On or about February 28, 2024, the Plaintiff, **ANTHONY PHILLIPS,** was scheduled to have an Endoscopic Retrograde Cholangiopancreatography (ERCP) surgical procedure performed at the Cleveland Clinic Hospital, located at 3100 Weston Road, Weston, FL 33331.

6.     That during the aforementioned ERCP surgery performed on Plaintiff, **ANTHONY PHILLIPS,** a guidewire manufactured and supplied by Defendant, **BOSTON SCIENTIFIC CORPORATION,** was utilized and inserted.

7.     That during the aforementioned ERCP surgery performed on Plaintiff, **ANTHONY PHILLIPS,** the guidewire broke off as a result of faulty manufacturing, which, as a result, left Plaintiff with a piece of guidewire stuck inside him.

8.     That an attempt to remove the broken piece of the Defendant, **BOSTON SCIENTIFIC CORPORATION,** guidewire, was unsuccessful due to the position of the broken piece of guidewire and to reduce any further injury sustained by the Plaintiff.

9.     The acts and/ or omissions of the defendant as hereinafter set forth caused substantial and permanent injuries and damages to the Plaintiff, **ANTHONY PHILLIPS,** same which are as follows:

**COUNT I**
**STRICT LIABILITY CLAIM AGAINST DEFENDANT, BOSTON SCIENTIFIC**
**CORPORATION**

Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 9 and further alleges:

10.     That the subject medical guidewire was designed, manufactured, assembled, inspected, specified or recommended, certified, serviced, sold and/or otherwise supplied as set forth by Defendant, **BOSTON SCIENTIFIC CORPORATION,** in a manner which was in subpar workmanlike fashion, thus leading to defective conditions unreasonably dangerous to the ultimate users and consumers including Plaintiff, **ANTHONY PHILLIPS.**

11.     That the subject medical guidewire was expected to and did reach the ultimate user and consumer, including Plaintiff, **ANTHONY PHILLIPS,** without substantial change or alteration and in the same or substantially the same condition as when it left the possession and control of the Defendant, **BOSTON SCIENTIFIC CORPORATION.**

12.     That the subject medical guidewire was designed, manufactured, assembled, inspected, specified or recommended, certified, sold, or otherwise supplied by the Defendant, **BOSTON SCIENTIFIC CORPORATION,** in a manner which was not in a good and proper

2
**SOUTH FLORIDA LAW, PLLC**
**HALLANDALE BEACH, FL**

workmanlike fashion, defective, lacking adequate warnings, lacking elements necessary to make it safe for use and containing conditions that made it unsafe for use by the ultimate users and consumers, including Plaintiff, **ANTHONY PHILLIPS**.

13.     That the hereinafter set forth injuries and damages were caused by and were the direct and proximate result of the defective condition of the Defendant, **BOSTON SCIENTIFIC CORPORATION'S** subject medical device/product in any or all of the following respects:

   a) In failing to conduct those tests and studies necessary to determine that the guidewire had been poorly manufactured and thus presented a danger to the patients on which it would be used;

   b) In failing to inform the medical community, which had been supplied with the faulty guidewire, that there were issues which made it dangerous for use in patients, such as Plaintiff, **ANTHONY PHILLIPS**, that they should or would have known had they conducted the necessary tests to check its safety;

   c) Manufacturing a product that was prone to breaking and as such, was of subpar quality when compared to industry standards;

   d) In failing to properly supervise/oversee their employees working on the medical device so that such deviations from safety standards did not occur;

   e) In failing to appropriately hire, train, supervise, and retain its own employees in charge of the manufacturing, testing, development, and design of the guidewire;

   f) In failing to provide Plaintiff's physicians with a safe medical guidewire;

   g) In failing to correct the defective condition; and

   h) By failing to adequately advise the Plaintiff of the dangers associated with the use of the Defendant's medical guidewire.

14.     That as a direct and proximate result of the medical guidewire supplied by the Defendant, **BOSTON SCIENTIFIC CORPORATION,** to be used during surgical procedures at Cleveland Clinic Weston, Plaintiff, **ANTHONY PHILLIPS**, suffered bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, **ANTHONY PHILLIPS,** demands judgment against the Defendant, **BOSTON SCIENTIFIC CORPORATION,** in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with post-judgment interests and lawful costs of this suit and a trial by jury of all issues triable as a matter of right by a jury.

**COUNT II**
**NEGLIGENCE CLAIM AGAINST DEFENDANT, BOSTON SCIENTIFIC**
**CORPORATION**

Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 14 and further alleges:

15.    That the damages and permanent injuries sustained by Plaintiff, **ANTHONY PHILLIPS,** were the direct and proximate result of the negligent and/or careless acts and/or omissions of the Defendant, **BOSTON SCIENTIFIC CORPORATION,** and its agents, servants, and/or employees who were acting within the scope and course of their employment and authority, as follows:

a)   In placing into the stream of commerce the subject medical device / product, which was in a defective condition;

b)   In failing to properly design the subject medical device / product;

c)   In failing to properly manufacture the subject medical device / product;

d)   In failing to properly assemble the subject medical device / product;

e)   In failing to design and manufacture the subject medical device / product in such a manner as to prevent the failure of the guidewire to work properly, that is prevent it from breaking during surgery;

f)   In failing to follow and in violating applicable laws, safety codes and regulations, governmental or industry standards applicable to said medical device / product;

g)   In failing to provide a properly designed, assembled, manufactured, inspected, and serviced medical device / product;

h)   In failing to provide proper and adequate instructions, manuals, information, and recommendations relative to the safe implantation and personnel/physician training relative to the subject medical device / product;

i)   In designing, assembling, manufacturing, selling, supplying, specifying or recommending, inspecting, and servicing products not reasonably fit for the purpose for which their use was intended;

4.
**SOUTH FLORIDA LAW, PLLC**
**HALLANDALE BEACH, FL**



j) In failing to discover the defective nature of the subject medical device / product;

k) In failing to properly inspect and test the subject medical device / product;

l) In failing to timely warn the users and physicians of the subject product of the defective condition of the subject medical device / product;

m) In failing to advise the physicians implanting the subject product of the proper procedure to insert the guidewire;

n) In selling and/or otherwise supplying the subject product with latent defects;

o) In that the Defendant, **BOSTON SCIENTIFIC CORPORATION**, knew, or in the exercise of reasonable care, should have known of the defective and dangerous condition of the subject medical device / product and realized that injuries and damages would likely occur and failed to warn of the defect and risk of injury involved when the subject product, under such circumstances, broke, thus failing to make the product safe for use;

p) In failing to incorporate an adequately and properly designed safety system into the design of the subject product in the event that the guidewire broke;

q) In selling or distributing the medical guidewire without reasonable, adequate, sufficient and proper testing and inspection thereof;

r) In selling or distributing the medical guidewire that failed to contain and apply good, safe, usual, and/or reasonable engineering standards;

s) In so negligently and improperly manufacturing and/or testing and inspecting the medical guidewire that they were likely to cause injury and damage;

t) In failing to employ or hire adequate personnel to properly inspect the Defendant's medical guidewire before their sale or distribution;

u) In manufacturing, selling or distributing the medical guidewire which was defective, without giving reasonable warning of latent dangers in the reasonably foreseeable use thereof, which dangers the Defendant knew, or in the exercise of reasonable care should have known;

v) In selling or distributing medical guidewire without giving notice or warning of defects in them when the Defendant knew, or in the exercise of reasonable care should have known, that the defects could not be discovered by reasonable inspection; and

w) In other negligent actions to be discovered through discovery.

SOUTH FLORIDA LAW, PLLC
HALLANDALE BEACH, FL



16.    That at all times material hereto, Defendant, **BOSTON SCIENTIFIC CORPORATION**, had a duty to exercise reasonable care, and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the medical guidewire, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable, dangerous or untoward adverse side effects.

17.    At the time the medical guidewire was supplied and inserted into Plaintiff, **ANTHONY PHILLIPS**, the product was defective as a result of the Defendant, **BOSTON SCIENTIFIC CORPORATION'S** failure to adequately test for safety, and to give adequate warnings or instructions regarding the possibility of the medical guidewire and its related and component part, namely the guidewire breaking during the procedure, the development of medical problems associated with such risks as described herein, and other dangers which might be associated with its use. Defendant also failed to inform and warn Plaintiff and his physicians that Defendant had failed to perform adequate testing of the medical guidewire to ensure its safety, including long-term testing of the product, testing for malfunction, tendency of breakage.

18.    Defendant, **BOSTON SCIENTIFIC CORPORATION**, failed to adequately test the medical guidewire before marketing it to hospitals, clinics, doctors, and consumers, such as Plaintiff, **ANTHONY PHILLIPS**, and also failed to disclose that no such testing had been done. Consequently, they provided subpar medical products to said hospitals, doctors, and consumers, placing them at risk of damages and injuries, which they knew, or in the exercise of reasonable care should have known, would occur.

19.    Defendant's failure to warn was outrageous, willful, wanton, and malicious in the Defendant's conduct was carried more specifically, Plaintiff, **ANTHONY PHILLIPS**.

20.    As a direct and proximate result of the faulty guidewire provided to Cleveland Clinic Hospital, by the Defendant, **BOSTON SCIENTIFIC CORPORATION**, Plaintiff, **ANTHONY PHILLIPS**, suffered bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.



WHEREFORE, Plaintiff, **ANTHONY PHILLIPS**, demands judgment against the Defendant, **BOSTON SCIENTIFIC CORPORATION**, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with post-judgment interests and lawful costs of this suit and a trial by jury of all issues triable as a matter of right by a jury.

**COUNT III**
**NEGLIGENT REPRESENTATION CLAIM AGAINST DEFENDANT, BOSTON SCIENTIFIC CORPORATION**

Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 20 and further alleges:

21. During the period of time that the Defendant, **BOSTON SCIENTIFIC CORPORATION**, designed, manufactured, distributed, fabricated, advertised, promoted, supplied, and marketed the medical guidewire, the Defendant falsely and negligently represented to the consumers of the product, including Plaintiff, **ANTHONY PHILLIPS**, the FDA, and any other medical providers that the medical guidewire was safe for use in a variety of surgical procedures, including the surgical procedure which was performed on Plaintiff, **ANTHONY PHILLIPS**, on or about February 28, 2024, was fit for its intended purposes, was not dangerous and did not pose health risks, and would function without defect.

22. The aforementioned representations made by Defendant, **BOSTON SCIENTIFIC CORPORATION**, concealed from the public, the FDA, and medical providers the fact that the medical guidewire could malfunction and break off during surgery, thereby creating severe medical complications as described herein.

23. When the Defendant, **BOSTON SCIENTIFIC CORPORATION**, made these representations, it knew or should have known in the exercise of reasonable care, that the representations were false, and that they were made without adequate or reasonable grounds for believing them to be true. The representations were made by the Defendant with intent to induce the general public, including but not limited to the Plaintiff's physicians, to select the Defendant's medical guidewire, in lieu of many other available alternatives.

24. At the time of said representations, Defendant, **BOSTON SCIENTIFIC CORPORATION**, concealed from the Plaintiff, **ANTHONY PHILLIPS**, by means of concealment to the Plaintiff's physicians, hospitals, other medical providers, and the FDA, that the medical guidewire had not been adequately tested and that there was not sufficient basis for concluding that the guidewire was safe for use.

7
SOUTH FLORIDA LAW, PLLC
HALLANDALE BEACH, FL

25. At the time of these representations made by Defendant, **BOSTON SCIENTIFIC CORPORATION**, and at the time Plaintiff, **ANTHONY PHILLIPS**, underwent the ERCP surgical procedure on February 28, 2024, the medical providers were ignorant of the falsity of the Defendant's representation and believed that that the medical guidewire would function properly.

26. In reliance on Defendant, **BOSTON SCIENTIFIC CORPORATION'S** representations, the Plaintiff, **ANTHONY PHILLIPS**, underwent surgery that utilized the medical guidewire manufactured and supplied by the Defendant. Had the Plaintiff and his physicians been aware of such malfunctions, said action would not have been taken and other medical instruments/devices/products would have been used.

27. Reliance by the Plaintiff, **ANTHONY PHILLIPS**, on Defendant, **BOSTON SCIENTIFIC CORPORATION'S** representation is justified. Defendant was in a special or fiduciary relationship with the Plaintiff and the Plaintiff reasonably relied upon the Defendant's representations concerning the safety of the product.

28. As a direct and proximate result of the faulty medical guidewire provided to Cleveland Clinic Hospital, by the Defendant, **BOSTON SCIENTIFIC CORPORATION**, Plaintiff, **ANTHONY PHILLIPS**, suffered bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff, **ANTHONY PHILLIPS**, demands judgment against the Defendant, **BOSTON SCIENTIFIC CORPORATION**, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with post-judgment interests and lawful costs of this suit and a trial by jury of all issues triable as a matter of right by a jury.

## COUNT IV
## FRAUDULENT MISREPRESENTATION CLAIM AGAINST DEFENDANT, BOSTON SCIENTIFIC CORPORATION

Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 28 and further alleges:

29. During the period of time that the Defendant, **BOSTON SCIENTIFIC CORPORATION**, designed, distributed, fabricated, advertised, promoted, supplied, and marketed the medical guidewire used on Plaintiff, **ANTHONY PHILLIPS**, Defendant knowingly

and purposely represented to consumers, including Plaintiff, the FDA, and medical providers that the guidewire was fit for its intended purposes, would function without defect, and was appropriate for use in persons such as Plaintiff.

30.     Defendant, **BOSTON SCIENTIFIC CORPORATION** knew that these representations were false. The facts which Defendant concealed were that the medical guidewire, due to faults in its design and production, might break during surgery, regardless of the work being performed by the physicians.

31.     When the Defendant, **BOSTON SCIENTIFIC CORPORATION**, made these representations, it knew that the representations were false. Said representations were made by the Defendant with the intent to deceive consumers, including Plaintiff, **ANTHONY PHILLIPS,** his and other physicians, as well as the FDA, in order to convince them to use the Defendant's medical guidewire in a variety of surgical procedures.

32.     At the time of these representations made by Defendant, **BOSTON SCIENTIFIC CORPORATION,** and at the time Plaintiff underwent the ERCP surgical procedure, the medical providers were ignorant of the falsity of the Defendant's representation and believed that that the medical guidewire would function properly.

33.     In reliance on Defendant, **BOSTON SCIENTIFIC CORPORATION'S** representations, the Plaintiff, **ANTHONY PHILLIPS,** underwent surgery that utilized the medical guidewire manufactured and supplied by the Defendant. Had the Plaintiff and his physicians been aware of such malfunctions, said action would not have been taken and other medical instruments/devices/products would have been used.

34.     Reliance by the Plaintiff, **ANTHONY PHILLIPS,** on the Defendant, **BOSTON SCIENTIFIC CORPORATION'S** representation is justified. Defendant was in a special or fiduciary relationship with the Plaintiff and the Plaintiff reasonably relied upon the Defendant's representations concerning the safety of the product.

35.     As a direct and proximate result of the faulty medical guidewire provided to Cleveland Clinic Hospital, by the Defendant, **BOSTON SCIENTIFIC CORPORATION,** Plaintiff, **ANTHONY PHILLIPS,** suffered bodily injury and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.



WHEREFORE, Plaintiff, **ANTHONY PHILLIPS**, demands judgment against the Defendant, **BOSTON SCIENTIFIC CORPORATION**, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with post-judgment interests and lawful costs of this suit and a trial by jury of all issues triable as a matter of right by a jury.

**COUNT V**
**BREACH OF IMPLIED WARRANTY CLAIM AGAINST DEFENDANT, BOSTON SCIENTIFIC CORPORATION**

Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 35 and further alleges:

36.     Defendant, **BOSTON SCIENTIFIC CORPORATION**, designed, manufactured, and distributed the medical guidewire and, prior to the time the medical guidewire was used on Plaintiff, **ANTHONY PHILLIPS**, surgical procedure, Defendant impliedly warranted to Plaintiff and his physicians that the medical guidewire was of merchantable quality and safe for use for which it was intended.

37.     The Plaintiff, **ANTHONY PHILLIPS**, relied on the skill, judgement and representation of the Defendant, **BOSTON SCIENTIFIC CORPORATION** made to his physicians in using the medical guidewire.

38.     The medical guidewire was unsafe for its intended use and was not of merchantable quality as was warranted by the Defendant, **BOSTON SCIENTIFIC CORPORATION** —it was significantly subpar to standards—in that it had dangerous propensities when put to its intended use and could cause severe injury to the recipient, including Plaintiff, **ANTHONY PHILLIPS**.

WHEREFORE, Plaintiff, **ANTHONY PHILLIPS**, demands judgment against the Defendant, **BOSTON SCIENTIFIC CORPORATION**, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with post-judgment interests and lawful costs of this suit and a trial by jury of all issues triable as a matter of right by a jury.

**COUNT VI**
**BREACH OF EXPRESS WARRANTY CLAIM AGAINST DEFENDANT, BOSTON SCIENTIFIC CORPORATION**

Plaintiff adopts, realleges, and incorporates by reference paragraphs 1 through 38 and further alleges:

39.     Defendant, **BOSTON SCIENTIFIC CORPORATION**, designed, manufactured, and distributed the medical guidewire and, prior to the time the medical guidewire was used on

10
SOUTH FLORIDA LAW, PLLC
HALLANDALE BEACH, FL



Plaintiff, **ANTHONY PHILLIPS**, for his ERCP surgical procedure, Defendant expressly warranted to Plaintiff, and his physicians, that the medical guidewire was of merchantable quality and safe for use for which it was intended.

40.     At the time of making said express warranties, the Defendant, **BOSTON SCIENTIFIC CORPORATION**, had knowledge of the purpose for which the medical guidewire was to be used and warranted it to be, in all respects, fit, safe, effective, and proper for such purposes.

41.     Plaintiff , **ANTHONY PHILLIPS**, relied on the skill, judgement, and express warranties and representations of the Defendant, **BOSTON SCIENTIFIC CORPORATION**, made to Plaintiff's physicians in utilizing the Defendant's medical guidewire.

42.     The aforementioned warranty was false at the time it was made. Defendant, **BOSTON SCIENTIFIC CORPORATION**, knew that the medical guidewire was unsafe and unsuited for its intended use, and that it could and/or would break spontaneously during medical procedures and thus cause attendant medical problems as described herein. Further, the Defendant's medical guidewire was unsafe for its intended use and was not of merchantable quality as was warranted by the Defendant in that it had dangerous propensities when put to its intended use and would cause severe injury and damage to the recipient.

WHEREFORE, Plaintiff, **ANTHONY PHILLIPS**, demands judgment against the Defendant, **BOSTON SCIENTIFIC CORPORATION**, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) together with post-judgment interests and lawful costs of this suit and a trial by jury of all issues triable as a matter of right by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff, **ANTHONY PHILLIPS**, hereby demands trial by jury of all issues so triable.

Dated this 25th day of August, 2025



**SOUTH FLORIDA LAW, PLLC**
Attorney for Plaintiff
1920 E. Hallandale Beach Blvd.
Suite 702
Hallandale Beach, FL 33009
Telephone: (954) 900-8885
Facsimile:  (954) 900-8886
BY: **/s/ Andrew M. Kline, Esq.**
ANDREW M. KLINE, ESQUIRE
FBN: 1035962
andrew@southfloridalawpllc.com
personalinjury@southfloridalawpllc.com

BURTON LANDAU, ESQUIRE
FBN : 109161
burton@southfloridalawpllc.com
personalinjury@southfloridalawpllc.com

Filing # 230103154 E-Filed 08/25/2025 08:07:51 AM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>ANTHONY PHILLIPS</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>BOSTON SCIENTIFIC CORPORATION</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001 - $50,000
☐ $50,001 - $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   6

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Andrew Marc Kline        Fla. Bar # 1035962
       Attorney or party                  (Bar # if attorney)

Andrew Marc Kline              08/25/2025
(type or print name)          Date