**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 0:25-cv-62529-AHS**

ANTHONY PHILLIPS,

      Plaintiff,

v.

BOSTON SCIENTIFIC CORPORATION

      Defendant.

_____/

**DEFENDANT BOSTON SCIENTIFIC CORPORATION'S MOTION**
**FOR DISMISSAL OF PLAINTIFF'S COMPLAINT**

Defendant, Boston Scientific Corporation ("Boston Scientific" or "Defendant"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b), and Southern District of Florida Local Rule 7.1, hereby files this Motion for Dismissal of Plaintiff, Anthony Phillip's ("Plaintiff") Complaint (D.E. 1-1). In support, Boston Scientific states as follows:

## I.      <u>Introduction</u>

This case has stalled at its inception. Boston Scientific timely filed its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on December 15, 2025. (D.E. 7). Under this Court's Local Rules, Plaintiff's response was due no later than December 29, 2025. *See* S. D. Fla. L. R. 7.1(c)(1). Plaintiff filed no response, sought no extension of time, and offered no explanation for his noncompliance.

Plaintiff's failure to respond in this case not only violates this Court's Local Rules and its Orders governing court practice, constituting a failure to prosecute this action and warranting

dismissal under Rule 41(b), it should be treated as a concession that Defendant should prevail on its arguments stated in the aforementioned 12(b)(6) Motion to Dismiss, and a basis for dismissal.

## II.   **Procedural Background**

On August 25, 2025, Plaintiff filed his six-count Complaint against Boston Scientific in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and waited almost two months to serve Boston Scientific on November 18, 2025. (D.E. 1-1). Boston Scientific timely removed this action to this Court on December 8, 2025. (D.E. 1).

On December 15, 2025, Boston Scientific filed its Motion to Dismiss Plaintiff's Complaint (D.E. 7), along with its Certificate of Interested Parties and Corporate Disclosure Statement (D.E. 6), in compliance with this Court's Orders entered on December 10, 2025. (D.E. 4-5). Pursuant to Local Rule 7.1(c)(1), Plaintiff's response to the Motion to Dismiss was due on or before December 29, 2025. *Lopez v. Bank of N.Y. Mellon*, No. 21-CV-23717-DLG, 2021 WL 12311286, at *1 (S.D. Fla. Dec. 2, 2021) (citing S.D. Fla. L.R. 7.1(c)(1) and noting that  pursuant to the Local Rules, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. . . [f]ailure to do so may be deemed sufficient cause for granting the motion by default.").

Plaintiff failed to file any response by the deadline, despite receiving notice of Boston Scientific's Notice of Removal, which was contemporaneously filed in the state court action. Plaintiff has not filed an appearance, sought an extension of time, or otherwise communicated with the Court regarding his failure to respond to Court-mandated deadlines, rules, and orders. As of the filing of this Motion, Plaintiff remains in violation of the Court's Local Rules and Orders and has taken no action to prosecute his claims, warranting a dismissal in their entirety.

### III.   Argument

 "When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), granting the motion based solely on the party's failure to respond is within the discretion of the district judge." *Lopez*, 2021 WL 12311286 at *1 (citing *Magluta v. Samples*, 162 F. 3d 662, 664-65 (11th Cir. 1998)). The Eleventh Circuit has recognized that a "party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." *Capelli Trade, LLC v. Trustpilot, Inc.*, No. 24-60551-CIV, 2024 WL 5263836, at *1 (S.D. Fla. Aug. 16, 2024) (citing *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)). In addition, "[c]ourts undoubtedly possess the power to dismiss an action for 'failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of procedure'" pursuant to Rule 41(b). *French v. Kotzen*, No. 19-62506-CV, 2021 WL 2651766, at *3 (S.D. Fla. June 11, 2021), report and recommendation adopted, No. 19-62506-CIV, 2021 WL 2646384 (S.D. Fla. June 28, 2021) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

Dismissal under both Local Rule 7.1 and Fed. R. Civ. P. 41(b) is warranted here. Plaintiff's complete failure to respond to Defendant's dispositive motion and comply with this Court's Local Rules and Orders demonstrates a lack of diligence and abandonment of his claims. Further, Plaintiff's unexplained inaction and noncompliance has delayed the progress of this case and prejudiced Boston Scientific, which has been forced to incur unnecessary expense litigating an action Plaintiff appears to have abandoned.

Given Plaintiff's disregard for the Court's authority, dismissal with prejudice is the appropriate and necessary sanction, as lesser sanctions would not cure the prejudice or ensure compliance.

## IV.     Conclusion

WHEREFORE, Defendant, Boston Scientific Corporation, respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint *with prejudice* and grant such other and further relief as is deemed just and proper.

Dated: January 7, 2026.

Respectfully submitted,

**NELSON MULLINS**
One Financial Plaza
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Telephone: (954) 745-5251
Facsimile: (954) 761-8135
Melissa.Gibson@nelsonmullins.com

By: *s/ Melissa J. Gibson*
    Melissa J. Gibson, Esq.
    Florida Bar No. 1010123

*Counsel for Defendant,*
*Boston Scientific Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2026, a true and correct copy of the foregoing was file with the Court's electronic filing CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record.

By: *s/ Melissa J. Gibson*
    Melissa J. Gibson, Esq.
    Florida Bar No. 1010123

## SERVICE LIST

Andrew M. Kline, Esq.
Florida Bar No. 1035962
Burton Landau, Esq.
Florida Bar No. 109161
**SOUTH FLORIDA LAW, PLLC**
1920 E. Hallandale Beach Blvd.
Suite 702
Hallandale Beach, FL 33009
Tel: (954) 900-8885
Fax: (954) 900-8886
*andrew@southfloridalawpllc.com*
*personalinjury@southfloridalawpllc.com*
*butron@southfloridalawpllc.com*

*Counsel for Plaintiff*